**Opinion issued May 2, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-11-01054-CR**

———————————

**RUDOLPHUS NELSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1233770**

---

**MEMORANDUM OPINION**

Appellant, Rudolphus Nelson, was charged by indictment with possession of

a controlled substance, specifically cocaine, less than one gram.[1]  After the trial

---

[1]    *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), .115(a), (b) (Vernon
2010).

court permitted him to withdraw his original plea, appellant pleaded not guilty. A jury found appellant guilty. The trial court sentenced him to 180 days in state jail, suspended the sentence, and placed him on community supervision for two years. The trial court also assessed $265 in court costs. In two issues, appellant argues (1) the trial court abused its discretion by denying his motion to suppress and (2) the record does not support the trial court's award of court costs.

We affirm.

## Background

On September 21, 2009, Officer A. Hawkins was conducting surveillance on an apartment complex in Houston. The area was a "high-crime area," consisting of regular drug transactions, prostitution, gang activity, and various assaults. The apartment complex in question was known to have a significant amount of drug transactions.

Around 3:20 in the afternoon, Officer Hawkins saw appellant drive into the complex's parking lot. A woman got into the car. A minute or so later, appellant drove out of the complex and into another apartment complex about 70 yards down the road. Officer Hawkins lost sight of appellant at that point. About five minutes later, Officer Hawkins saw appellant leaving the second complex.

Officer Hawkins radioed for a uniformed officer to follow appellant. Officer J. Tran located appellant and followed him. A moment later, Officer Tran saw

2

appellant changing lanes of traffic without using a signal. Officer Tran then pulled appellant over. During the stop, Officer Tran asked appellant to step out of the car. When appellant got out of the car, Officer Tran smelled "a strong chemical burnt odor," that, in his experience, was consistent with the use of crack cocaine. Also while appellant was getting out of his car, Officer Tran could see into appellant's shirt pocket. Officer Tran saw "a small crack rock" in appellant's shirt pocket. Officer Tran then "detained [appellant] for narcotics investigation," handcuffed appellant, and physically searched appellant.

In the process of searching appellant, Officer Tran found the crack cocaine he had observed in appellant's shirt pocket as well as a crack pipe. After appellant had been taken to the police station, a push rod used for a crack pipe was found in the back of Officer Tran's car. The car had been searched before appellant was placed in it.

During trial, appellant filed a motion to suppress the evidence obtained during the search. The trial court denied the motion.

## Motion to Suppress

In his first issue, appellant argues the trial court abused its discretion by denying his motion to suppress.

## A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *See Amador*, 221 S.W.3d at 673. But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Id.*

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *See Wiede*, 214 S.W.3d at 24. When, as here, the trial court enters findings of fact after denying a motion to suppress, we must determine whether the evidence—viewed in the light most favorable to the trial court's decision—supports the findings. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App.

4

2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

**B.     Analysis**

Appellant argues that, under the plain-view doctrine, a police officer can "seize, without probable cause, contraband that she sees in plain sight" only when the discovery of contraband is inadvertent. We agree with the State that this argument is based on cases that are no longer the law.

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. amend. IV; *Walter v. State*, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000). This protection depends upon a person having a legitimate expectation of privacy in the invaded place. *Walter*, 28 S.W.3d at 541 (citing *Minn. v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469, 473 (1998)). Searches under the "plain view" doctrine, do not violate the Fourth Amendment "because the seizure of property in plain view involves no invasion of privacy and is presumptively reasonable." *Id.* (citing *Tex. v. Brown*, 460 U.S. 730, 738–39, 103 S. Ct. 1535, 1541 (1983)). A seizure is permissible under the plain view doctrine if "(1) law enforcement

officials have a right to be where they are, and (2) it be immediately apparent that the item seized constitutes evidence, that is, there is probable cause to associate the item with criminal activity." *Id.*

Appellant argues that another element of the test under the plain view doctrine is that the "officers must discover the incriminating evidence inadvertently." While this was once the law, it has not been the law since at least 1996. *See Horton v. California*, 496 U.S. 128, 133–41, 110 S. Ct. 2301, 2306–10 (1990) (eliminating inadvertence element for plain view doctrine); *Ramos v. State*, 934 S.W.2d 358, 365 (Tex. Crim. App. 1996) (applying *Horton*). Accordingly, his argument that the discovery of the crack rock in his shirt pocket was not inadvertent has no bearing on the trial court's denial of his motion to suppress.

We overrule appellant's first issue.

## Court Costs

In his second issue, appellant argues that the record does not support the trial court's award of court costs. The State argues that this issue is not ripe for consideration.

### A.   Standard of Review

Sufficient evidence must support an assessment of costs in a bill of costs or in a judgment. *See Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that factual predicate for the assessment of court costs included in a

bill of costs must be supported by sufficient evidence in the record); *Owen v. State*, 352 S.W.3d 542, 547–48 (Tex. App.—Amarillo 2011, pet. ref'd) (holding assessment of costs authorized by statute and supported by record constitutes sufficient evidence). We review the record in the light most favorable to the award in measuring the sufficiency of the evidence to support an assessment of costs. *See Mayer*, 309 S.W.3d at 557.

## B.    Ripeness

In its original response brief, the State asserted that appellant's complaint is not ripe for appellate review. The ripeness doctrine protects against judicial interference until a decision has been formalized and its effects felt in a concrete way by the challenging parties. *State ex rel. Watkins v. Creuzot*, 352 S.W.3d 493, 504 (Tex. Crim. App. 2011). To determine whether an issue is ripe for adjudication, we evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Id*.

The State asserted that the issue is not ripe because appellant has not been asked to pay the costs. The State pointed out that appellant is not required to pay the court costs until a bill of costs has been produced. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2006) (providing that a cost is not payable by person charged until a bill of costs is produced or ready to be produced). However, since the State filed its brief, the record has been supplemented with a bill of costs.

7

The State also intimated that the issue is not ripe because Government Code section 501.014(e) requires the trial court to issue a notification of withdrawal before funds may be withdrawn from an inmate account. *See* TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2012). But Government Code section 501.014(e)(4) also indicates that a withdrawal notification can be issued to pay "in full . . . all orders for court fees and costs." *Id.* Because the amount of costs ordered in the judgment may serve as a basis to issue a withdrawal notification, and a bill of costs has been produced, appellant's challenge to the portion of the judgment ordering him to pay costs is ripe for appellate review.

Additionally, the State cites Code of Criminal Procedure 103.008, which provides that a defendant has one year after the date of the final disposition of his case, in which costs were imposed, to file a motion seeking to correct any error in the costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (Vernon 2006). Unlike the State, we do not perceive the availability of additional or alternative remedies as negating the ripeness of appellant's direct appellate challenge to costs assessed in the judgment.

## C. Sufficiency

The judgment in this case assesses court costs in the amount of $265. Appellant argues that the evidence is insufficient to support the award of court costs because there is no bill of costs in the record and because the "record

8

contains no other documentation or evidence which supports the assessment of court costs."

The district clerk must keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. TEX. CODE. CRIM. PROC. ANN. art. 103.009(a)(1) (Vernon 2006). If a criminal action is appealed, an officer of the court must certify and sign a bill of costs and send it to the court to which the action is appealed. TEX. CODE CRIM. PROC. ANN. art. 103.006 (Vernon 2006). We may direct the trial court clerk to supplement the record with any relevant omitted item, including a bill of costs. TEX. R. APP. P. 34.5(c); *see Cardenas v. State*, 01-11-01123-CR, 2013 WL 1164365, at *4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.).

Accordingly, we ordered the trial court to file a supplemental clerk's record containing a certified and signed bill of costs. In response, the trial court provided a supplemental record including a document entitled "J.I.M.S. Supplemental Cost Bill Entry," itemizing costs imposed on appellant. This assessment lists items of costs totaling $338.

The supplemental record also contained a judgment nunc pro tunc, created February 14, 2013. This judgment replaced the original assessment of court costs at $265 with an assessment of court costs at $398. After the supplemental record was filed, appellant filed an objection to the judgment nunc pro tunc.

Appellant objects that that the trial court could not modify the judgment as it purported to do in the supplemental record. The trial court may correct clerical, but not judicial, omissions or errors in a judgment after the trial court loses its plenary jurisdiction through a judgment nunc pro tunc. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). But a trial court lacks jurisdiction to enter a judgment nunc pro tunc after the appellate record for the case is filed. *See Meineke v. State*, 171 S.W.3d 551, 558 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Because the trial court lacked jurisdiction to enter judgment nunc pro tunc to correct its judgment after the appellate record in this case was filed, we disregard the modified judgment contained in the supplemental clerk's record.

A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees, which vary depending on the type of offense, the underlying facts, and procedural history of the case. *See Owen*, 352 S.W.3d at 546 n.5 (providing an extensive list of Texas statutes requiring convicted persons to pay costs and fees). Court costs are not punitive but merely a collateral consequence of the defendant's conviction. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). Hence, court costs need not be incorporated into the judgment to be assessed, but may be assessed, and a bill of costs produced, after the judgment. *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011); *see also* TEX. CODE CRIM. PROC. ANN. arts. 103.006 (providing that a bill of

costs be created when an action is appealed), 103.007 (Vernon 2006) (providing for the assessment of more costs in a new bill of costs after the convicted defendant has paid costs assessed in a prior bill of costs).

The record demonstrates that a jury convicted appellant of a felony in district court, supporting each of the following costs listed in the bill of costs:

- $40 "clerk's fee" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (Vernon 2006) ("A defendant convicted of an offense in . . . a district court shall pay for the services of the clerk of the court a fee of $40."));

- $20 "jury fee" (*See id.* art. 102.004(a) (Vernon 2006) ("A defendant convicted by a jury in . . . a district court shall pay a jury fee of $20."));

- $5 "security fee" (*See id.* art 102.017(a) (Vernon Supp. 2012) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court."));

- $25 "time payment fee" (*See* TEX. LOC. GOV'T CODE ANN. § 133.103(a) (Vernon Supp. 2012) ("A person convicted of an offense shall pay, in addition to all other costs, a fee of $25 if the person (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution.")[2]);

- $133 "consolidated court costs" (*See id.* § 133.102(a)(1) (Vernon Supp. 2012) (entitled "Consolidated Fees on Conviction" and providing, "A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony. . . ."));

---

[2]     The record reflects that, after more than 31 days from the date of the judgment, only $60 of the court costs had been paid. Any further payments will be after the 31st day after the judgment, making the time payment fee appropriate.

11

- $4 "jury reimbursement fee" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (Vernon Supp. 2012) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code."));

- $25 "DC records preservation" (*See id.* art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code."));

- $60 "drug court program fee" (*See id.* art. 102.0178(a)(2) (Vernon Supp. 2012) ("In addition to other costs on conviction imposed by this chapter, a person shall pay $60 as a court cost on conviction of an offense punishable as a Class B misdemeanor or any higher category of offense under Chapter 481, Health and Safety Code")[3]);

- $2 "support of indigent defense" (*See* TEX. LOC. GOV'T CODE ANN. § 133.107(a) (Vernon Supp. 2012) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code."));

- $6 "support of judiciary fee" (*See id.* § 133.105(a) (Vernon 2008) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.")); and

---

[3]  Appellant was convicted of possession of less than a gram of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D) , .115(a). The offense is a state jail felony. *Id.* § 481.115 (b).

- $4 "court technology fund" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (Vernon Supp. 2012) ("A defendant convicted of a criminal offense in a . . . district court shall pay a $4 . . . district court technology fee.")).

The bill of costs also lists a sheriff's fee of $40. The record supports assessment of each of the costs constituting the sheriff's fee, as follows:

- $10 "summoning two witnesses" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(3) (Vernon Supp. 2012) ("A defendant convicted of a felony or a misdemeanor shall pay . . . $5 for summoning a witness."));

- $5 "jury fee" (*See id.* art. 102.011(a)(7) ("A defendant convicted of a felony or a misdemeanor shall pay . . . $5 for summoning a jury");

- $10 "taking one bond" (*See id*. art. 102.011(a)(5) ("A defendant convicted of a felony or a misdemeanor shall pay . . . $10 for taking and approving a bond and, if necessary, returning the bond to the courthouse . . . .")[4]);

- $5 "commitment" and $5 "release" (*See id*. art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .")); and

- $5 "arrest without warrant or capias" (*See id*. art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .")[5]).

Finally, the bill of costs includes a fee of $34 for "DNA testing community supervision." This fee is authorized if a person is placed on community

---

[4] The record reflects that appellant was released on bond on October 14, 2009.

[5] The record reflects that, although a bench warrant was issued for appellant, the officer's return remains blank.

13

supervision and, as a condition of the community supervision, is ordered to provide a DNA sample pursuant to section 11(j) of article 42.12 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(3) (Vernon Supp. 2012). "A judge granting community supervision to a defendant convicted of a felony shall require that the defendant, as a condition of community supervision, provide a DNA sample . . . unless the defendant has already submitted the required sample under other state law." *Id.* art. 42.12, § 11(j) (Vernon Supp. 2012). The orders of community supervision in the record do not contain any requirement for appellant to provide a DNA sample. Accordingly, we find no support in the record for this court cost.

As it stands, the record supports an award of court costs in the amount of $364. This supports the trial court's assessment of court costs in the amount of $265. *See Thomas v. State*, No. 01-12-00487-CR, 2013 WL 1163980, at *4 (Tex. App.—Houston [1st Dist.] March 21, 2013, no pet. h.) (holding evidence supporting costs of $309 sufficient to uphold assessment of $274 in court costs in judgment).

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).