**Opinion issued March 21, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00487-CR

————————————

**RODERICK D. THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1315014**

---

## O P I N I O N

A jury found Roderick D. Thomas guilty of aggravated robbery and assessed punishment at ten years' confinement. The written judgment ordered that Thomas pay $274 in court costs. On appeal, Thomas contends that insufficient evidence supports the trial court's assessment of court costs in the judgment absent a bill of

costs. Thomas requested a bill of costs in his request for the clerk's record, but none was produced. We ordered the trial court clerk to provide a bill of costs. The trial court clerk has supplemented the record with a bill of costs. We hold that sufficient evidence supports the costs recited in the original judgment and therefore affirm.

## Discussion

### I. Supplementation of record with costs assessment

Thomas contends that the $274 award of court costs in the written judgment is not supported by sufficient evidence. In particular, Thomas contends that he is unable to determine if attorney's fees were incorrectly included as part of the $274 award of costs in the trial court's judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012) (requiring courts to consider a defendant's ability to pay before assessing "costs of the legal services provided" as court costs). The district clerk must keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. TEX. CODE. CRIM. PROC. ANN. art. 103.009(a)(1) (West 2006). If a criminal action is appealed, an officer of the court must certify and sign a bill of costs and send it to the court to which the action is appealed. *Id.* art. 103.006. We may direct the trial court clerk to supplement the record with any relevant omitted item, including a bill of costs. TEX. R. APP. P. 34.5(c); *see Cardenas v. State*, 01-11-01123-CR, 2013 WL 460437, at *4 (Tex.

App.—Houston [1st Dist.] Feb. 7, 2013, no pet. h.).

Accordingly, we ordered the trial court "to prepare, certify, and file a supplemental record containing a bill of costs," and if no bill of costs existed, we ordered "the trial court clerk or an officer of the court . . . to prepare a bill of costs for inclusion in the supplemental record." In response, the trial court provided a supplemental record including a document entitled "Cost Bill Assessment," itemizing costs imposed on Thomas. This assessment lists items of costs totaling $329. The supplemental record also contains a copy of the original judgment with the $274 assessment of court costs marked out and replaced with a $329 assessment. Thomas filed a written objection to the supplemental record and objected to the supplemental record in a reply brief.

First, Thomas objects that that the trial court could not modify the judgment as it purported to do in the supplemental record. The trial court may correct clerical, but not judicial, omissions or errors in a judgment after the trial court loses its plenary jurisdiction through a judgment nunc pro tunc. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (en banc). But a trial court lacks jurisdiction to enter a judgment nunc pro tunc after the appellate record for the case is filed. *See Meineke v. State*, 171 S.W.3d 551, 558 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Because the trial court lacked jurisdiction to enter judgment nunc pro tunc to correct its judgment after the appellate record in this

3

case was filed, we disregard the modified judgment contained in the supplemental clerk's record.

Court costs are not punitive, but merely a collateral consequence of the defendant's conviction. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). They are generally mandated by statute, not charged at the discretion of the court. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006) ("A defendant convicted of an offense . . . shall pay . . . ."); TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012) ( "A person convicted of an offense shall pay as a court cost . . . ."). Hence, court costs need not be incorporated into the judgment to be assessed, but may be assessed, and a bill of costs produced, after the judgment. *See Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (holding court costs need not be incorporated into the judgment); *Owen v. State*, 352 S.W.3d 542, 547–48 (Tex. App.—Amarillo 2011, no pet.) (reviewing a bill of costs created after the judgment); *Cardenas*, 2013 WL 460437 at *4 (same); *see also* TEX. CODE CRIM. PROC. ANN. art. 103.006 (providing that a bill of costs be created when an action is appealed). Additionally, the trial court is not limited to the costs assessed in the judgment or the bill of costs provided on appeal, but may later issue an amended bill of costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.007 (providing for a procedure to assess additional costs, thus an amended bill of costs, even after convicted defendant has paid costs in previous bill of costs).

Thomas contends that permitting a bill of costs to be produced after the judgment denies him due process in that he may not object to any costs assessed in the bill of costs. However, Thomas has not been denied an opportunity to challenge the costs listed in the bill of costs. *See Cardenas*, 2013 WL 460437, at *4. A contemporaneous objection in the trial court is not required to contest costs on direct appeal. *See Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010). Thomas therefore was not procedurally prejudiced by his alleged inability to raise his objections in the trial court.

Despite the lack of a written bill of costs, completely apart from the availability of direct appeal, Thomas could also seek correction of an error in costs by moving to correct costs in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs."). Thomas notes in particular that he could not challenge the constitutionality of any particular statute authorizing an assessment of costs against him. In addition to the methods already mentioned, however, various other proceedings permit such a constitutional challenge. *See, e.g.*, *Ex parte Carson*, 159 S.W.2d 126, 127 (Tex. Crim. App. 1942) (permitting convicted defendant to challenge constitutionality of statute assessing court costs in his criminal case in

5

habeas corpus proceedings); *Rylander v. Caldwell*, 23 S.W.3d 132, 137 (Tex. App.—Austin 2000, no pet.) (holding that convicted defendant could challenge constitutionality of statute authorizing particular costs in criminal case in separate declaratory action). A civil post-judgment hearing to collect costs provides still another due process avenue to prevent erroneous deprivation via clerical or other errors. *See Harrell v. State*, 286 S.W.3d 315, 320–21 (Tex. 2009).

Thomas next argues that a bill of costs created after the trial court rendered judgment cannot be considered part of the record on appeal, because it was not properly before the court as evidence when the judgment was rendered, relying on a footnote in *Johnson v. State*, 389 S.W.3d 513, 513 n.1 (Tex. App.—Houston [14th Dist.] 2012, no pet. h.), which in turn relies upon *Chambers v. State*, 194 S.W.2d 774, 775 (Tex. Crim. App. 1946), and *Lamb v. State*, 931 S.W.2d 611, 613 (Tex. App.—Amarillo 1996, pet. ref'd). *Chambers* and *Lamb* hold that evidence created after the judgment but included in the record may not be considered as evidence to support the judgment on appeal. *See Chambers*, 194 S.W.2d at 775; *Lamb*, 931 S.W.2d at 613. Unlike the evidence in *Lamb* and *Chambers*, a bill of costs is not itself factual evidence to support the assessment of costs in a factual sufficiency inquiry. Rather, costs assessed in a bill of costs, like those assessed in the judgment, must be supported by the record. *See, e.g.*, *Owen*, 352 S.W.3d at 547–48 (holding that factual predicate for the assessment of court costs included in

6

a bill of costs must be supported by the record).

Finally, Thomas objects that the "Cost Bill Assessment" provided by the trial court in the supplemental record is not a valid bill of costs under Texas Code of Criminal Procedure article 103.001. Article 103.001 provides that costs are not "payable" until a bill of costs containing "the items of cost, signed by the officer who charged the cost" "is produced or is ready to be produced." TEX. CODE. CRIM. PROC. ANN. art. 103.001. In other words, a judgment may assess costs, but ultimately, in any post-judgment civil proceeding to collect costs, a bill of costs meeting the requirements of article 103.001 is required. *See id.* The case before us, however, is a direct appeal from a criminal conviction, not a proceeding to collect costs for which a bill of costs satisfying article 103.001 is required. Nonetheless, we note that the assessment in the supplemental record fulfills the bill of costs requirements under article 103.001. It contains an itemized list of court costs imposed on Thomas, and the last page contains a certification stamp, initialed by the clerk, followed by the signature of the trial court deputy clerk. For all of these reasons, we reject Thomas's objections to the cost bill filed in the supplemental record. We turn to address the sufficiency of evidence supporting the costs assessed in the judgment.

## II.    Sufficiency of the evidence

Sufficient evidence must support an assessment of costs in a bill of costs or in a judgment. *See Mayer*, 309 S.W.3d at 554–56; *Owen*, 352 S.W.3d at 548 (holding assessment of costs is supported by sufficient evidence when authorized by statute and supported by record). We review the record in the light most favorable to the award in measuring the sufficiency of the evidence to support an assessment of costs. *See Mayer*, 309 S.W.3d at 557.

The record demonstrations that a jury convicted Thomas of a felony in district court, supporting each of the following costs listed in the costs assessment: "Clerks Fee" of $40;[1] "Jury Fee" of $20;[2] "Security Fee" of $5;[3] "Consolidated Court Costs" of $133;[4] "Jury Reimbursement Fee" of $4;[5] "DC Records

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) ("A defendant convicted of an offense in . . . a district court shall pay for the services of the clerk of the court a fee of $40.").

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 102.004(a) ("A defendant convicted by a jury in . . . a district court shall pay a jury fee of $20.").

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 102.017(a) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court.").

[4] *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012) (entitled "Consolidated Fees on Conviction," which provides: "A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony . . .).

[5] *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor

8

Preservation" fee of $25;[6] "Support of Indigent Defense" fee of $2;[7] "Support of

Judiciary Fee" of $6;[8] and a "Court Technology Fee" of $4.[9] The cost assessment

also lists a Sheriff's Fee of $90, of which $70 is clearly supported in the record:

$50 for "Serving Capias,"[10] $5 for "Commitment,"[11] $5 for "Release,"[12] $5 for

---

vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.").

[6] *See id*. art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code.").

[7] *See* TEX. LOC. GOV'T CODE ANN. § 133.107(a) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 71.058, Government Code.").

[8] *See id*. § 133.105(a) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.").

[9] *See* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) ("A defendant convicted of a criminal offense in a . . . district court shall pay a $4 . . . district court technology fee.").

[10] *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias, or capias pro fine . . . .").

[11] *See id*. art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .").

"Summoning a Witness,"[13] and $5 for Summoning a Jury.[14]

The costs assessment reflects that four other witnesses were summoned, but without a request for witness summons, we cannot confirm whether the fees for the other four witness summons is supported by the record. Still, the sum of the costs supported by the record before us is $309. No sum of money was included to pay for attorney's fees. The record generated in the trial court through the entry of judgment demonstrates facts and circumstances sufficient to justify at least $274 of costs as directed by the statutes and rules referenced above. Accordingly, sufficient evidence supports the judgment awarding costs.

---

[12] *See id.* art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .").

[13] *See* TEX. CODE CRIM. PROC. ANN. art.102.011(a)(3) ("A defendant convicted of a felony or a misdemeanor shall pay . . . $5 for summoning a witness.").

[14] *See id.* art.102.011(a)(7) ("A defendant convicted of a felony or a misdemeanor shall pay . . . $5 for summoning a jury . . . .").

**Conclusion**

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Publish. TEX. R. APP. P. 47.2(b).

11