**Opinion issued September 12, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-12-00646-CR

---

**NORRIS BRISCOE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1305620

## MEMORANDUM OPINION

Norris Briscoe pleaded guilty to the felony offense of aggravated robbery with a deadly weapon. After a bench trial on punishment, the trial court sentenced Briscoe to forty years' confinement. The written judgment ordered that Briscoe

pay $289 in court costs. The trial court later rendered judgment nunc pro tunc correcting the amount to $279. On appeal, Briscoe contends that insufficient evidence supports the trial court's assessment of court costs in the judgment absent a bill of costs. Specifically, he contends that "no documentation" supports the court costs and that "[t]here is no certified bill of costs in the appellate record." Briscoe also asserts that, without a bill of costs, he cannot determine whether any of the costs were erroneously assessed as attorney's fees and that the lack of a record deprives him of his due process right to challenge costs assessed. Briscoe also asks this court to order the Texas Department of Criminal Justice to "reimburse him for any funds that have been withdrawn from his inmate trust account." After receiving the parties' briefs, this court ordered the trial court clerk to supplement the record with a bill of costs. The trial court clerk has supplemented the record with a document titled "J.I.M.S. Costs Bill Assessment," identifying each cost assessed. We hold that sufficient evidence supports the costs recited in the judgment and, therefore, affirm.

## Discussion

Chapter 103 of the Texas Code of Criminal Procedure governs the collection of costs and recordkeeping in criminal cases. TEX. CODE. CRIM. PROC. ANN. arts. 103.001–.012 (West 2006 & Supp. 2012); *see Cardenas v. State*, No. 01-11-01123-

2

CR, 2013 WL 1164365, at *4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. granted). The clerk of the court must keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. TEX. CODE. CRIM. PROC. ANN. art. 103.009(a)(1) (West 2006). If a criminal action or proceeding is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued" and send it to the court to which the action is appealed. *Id.* art. 103.006. When, as in this case, the bill of costs was not sent to this court and made part of the record, we may direct the trial court clerk to supplement the record with the bill of costs. TEX. R. APP. P. 34.5(c); *Cardenas*, 2013 WL 1164365, at *4; *Thomas v. State*, No. 01-12-00487-CR, 2013 WL 1163980, at *1 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no. pet.).

We review the sufficiency of the evidence supporting the award of costs in the light most favorable to the trial court's judgment. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas*, 2013 WL 1164365, at *4; *Thomas*, 2013 WL 1163980, at *3. The record shows the district court convicted Briscoe of a felony, supporting each of the following costs listed in the cost assessment: "Clerks Fee" of $40;[1] "Security Fee" of $5;[2] "Consolidated Court

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006) ("A defendant convicted of an offense in . . . a district court shall pay for the services of the clerk of the court a fee of $40.").

3

Costs" of $133;[3] "Jury Reimbursement Fee" of $4;[4] "DC Records Preservation"

fee of $25;[5] "Support of Indigent Defense" fee of $2;[6] "Support of Judiciary Fee"

of $6;[7] and a "Court Technology Fund Fee" of $4.[8] The cost assessment also lists

---

[2] *See id.* art. 102.017(a) (West Supp. 2012) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court.")

[3] *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012) (entitled "Consolidated Fees on Conviction," which provides: "A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony . . . .).

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.").

[5] *See id.* art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code.").

[6] *See* TEX. LOC. GOV'T CODE ANN. § 133.107(a) (West Supp. 2012) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.").

[7] *See id.* § 133.105(a) (West 2006) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.").

[8] *See* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (West Supp. 2012) ("A defendant convicted of a criminal offense in a . . . district court shall pay a $4 . . . district court technology fee as a cost of court.").

a $50 fee for "Serving Capias,"[9] a $5 fee for "Commitment,"[10] and a $5 fee for "Release."[11] The sum of these costs is $279, the amount the trial court assessed as costs. Nothing in the record indicates that any sum of money was included to pay for attorney's fees. *See Cardenas*, 2013 WL 1164365, at *7; *Thomas*, 2013 WL 1163980, at *4. Accordingly, we hold that sufficient evidence supports the judgment assessing costs of $279. *See Cardenas*, 2013 WL 1164365, at *6–7 (holding assessment of costs supported by sufficient evidence when costs consisted of statutorily mandated costs and record supported imposition of those costs); *Thomas*, 2013 WL 1163980, at *3–4 (same); *Owen v. State*, 352 S.W.3d 542, 547–48 (Tex. App.—Amarillo 2011, no pet.) (same).

Briscoe also argues that the failure to include a bill of costs in the clerk's record originally submitted to this court violates due process because it deprives him of the opportunity to challenge the costs assessed in the bill of costs. This court has previously rejected that claim. *Cardenas*, 2013 WL 1164365, at *5;

---

[9] *See id.* art. 102.011(a)(2) (West Supp. 2012) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias, or capias pro fine . . . .").

[10] *See id.* art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .").

[11] *See id.*

5

*Thomas*, 2013 WL 1163980, at *2. First, a contemporaneous objection is not a prerequisite to challenging costs on direct appeal. *Cardenas*, 2013 WL 1164365, at *5 (citing *Mayer*, 309 S.W.3d at 555–56); *Thomas*, 2013 WL 1163980, at *2 (same). Second, section 103.008 of the Texas Code of Criminal Procedure provides a separate procedure for correcting any costs erroneously included in a bill of costs. *Cardenas*, 2013 WL 1164365, at *5 (citing TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (West 2006)); *see also Thomas*, 2013 WL 1163980, at *2 (same). Therefore, Briscoe was not deprived of due process because of his alleged inability to raise his objections in the trial court.

## Conclusion

We affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Brown, and Huddle.
Do Not Publish. TEX. R. APP. P. 47.2(b).

6