

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00204-CR

**BRIAN COOK,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. FISC-11-20887**

## MEMORANDUM  OPINION

In two issues, appellant, Brian Thomas Cook, challenges the amount of court costs assessed by the trial court.  We affirm.

### I.  BACKGROUND

On August 30, 2011, appellant was charged by indictment with aggravated sexual assault of a child, a first-degree felony.  *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2012).  Appellant subsequently entered an open plea of guilty to the charged offense.  The trial court accepted appellant's plea and sentenced him to twelve years'

incarceration in the Institutional Division of the Texas Department of Criminal Justice with no fine. In addition, the trial court ordered that appellant pay $599.00 in court costs. An order to withdraw funds from appellant's inmate account was incorporated in the judgment. This appeal followed.

## II.   ANALYSIS

In his brief, appellant argues that the evidence is insufficient to support the amount of court costs assessed by the trial court in this case because there was no bill of costs prepared, though required by article 103.001 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006).

Though not available to counsel at the time appellant's brief was filed, the Texas Court of Criminal Appeals has recently held that a bill of costs need not be included in the record to support the assessment of mandatory or statutorily-authorized court costs. *Johnson v. State*, No. PD-0193-13, ___ S.W.3d ___, 2014 Tex. Crim. App. LEXIS 240, at **25-26 (Tex. Crim. App. Feb. 26, 2014); *see Cardenas v. State*, No. PD-0733-13, ___ S.W.3d ___, 2014 Tex. Crim. App. LEXIS 236, at *3 (Tex. Crim. App. Feb. 26, 2014). Thus, if the court costs in this case are mandatory or authorized by statute, then a bill of costs was not required to be included in the record.

In the instant case, a bill of costs was not originally included in the record. However, after abating and remanding this proceeding, the trial-court clerk created a supplemental clerk's record containing an itemized bill of costs documenting the costs incurred from August 30, 2011 to May 24, 2013. *See Johnson*, 2014 Tex. Crim. App. LEXIS 240, at **15-16 (concluding that a bill of costs can be prepared and added to the

record via a supplemental clerk's record); *see also Jones v. State*, No. 06-12-00107-CR, 2013 Tex. App. LEXIS 2832, at *16 (Tex. App.—Texarkana Mar. 19, 2013, no pet.) (mem. op., not designated for publication).  As shown in the table below, the complained-of costs are mandated by statute:

| Fee Assessed | Amount | Statutory Authority |
| --- | --- | --- |
| Child Abuse Prevention Fund/Off. After 9/01/05 | $100 | TEX. CODE CRIM. PROC. ANN. art. 102.0186(a)(1) (West Supp. 2013). |
| Consolidated Court Cost | $133 | TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2013). |
| District Clerk Filing Fee | $40 | TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006). |
| Records Management & Preservation Fee | $25 | TEX. CODE CRIM. PROC. ANN. art. 102.005(f) (West 2006). |
| Courthouse Security Fee | $5 | TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2013). |
| Arrest Fee | $5 | TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(1) (West Supp. 2013). |
| Indigent Legal Services | $2 | TEX. LOC. GOV'T CODE ANN. § 133.107(a) (West Supp. 2013). |
| Judicial Support Fee: Criminal | $4 | TEX. LOC. GOV'T CODE ANN. § 133.105(a) (West 2008). |
| Jury Reimbursement | $6 | TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2013). |
| Time Payment Fee | $25 | TEX. LOC. GOV'T CODE ANN. § 133.103(a) (West Supp. 2013). |
| District Technology Fee | $4 | TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (West Supp. 2013). |
| DNA Fee on Sex-Related After | $250 | TEX. CODE CRIM. PROC. |

| 9/1/2001 | | ANN. art. 102.020(a)(1) (West Supp. 2013). |
| --- | --- | --- |

Therefore, because the complained-of costs contained in the bill of costs are mandated by statute, we reject appellant's complaints about the absence of a bill of costs in the record. *See Johnson*, 2014 Tex. Crim. App. LEXIS 240, at **25-26; *Cardenas*, 2014 Tex. Crim. App. LEXIS 236, at *3; *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (stating that we review the sufficiency of the evidence to support the award of costs by viewing all record evidence in the light most favorable to the award); *see also Thomas v. State*, No. 01-12-00487-CR, ___ S.W.3d ___, 2013 Tex. App. LEXIS 2989, at **9-13 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (concluding that sufficient evidence supports the judgment awarding costs that are mandated by statute). We do note, however, that the bill of costs appears to reverse the jury-reimbursement and judicial-support fees. Article 102.0045 of the Texas Code of Criminal Procedure states that a person convicted of an offense shall pay, as court costs, $4 for jury reimbursement. TEX. CODE CRIM. PROC. ANN. art. 102.0045. On the other hand, section 133.105(a) of the Texas Local Government Code provides that a person convicted of an offense shall pay, as court costs, $6 for "court-related purposes for the support of the judiciary." TEX. LOC. GOV'T CODE ANN. § 133.105(a). Though the fee assessments for these line items are incorrect, we recognize that the net result is the same. As such, any error associated with the bill of costs is harmless. Therefore, based on the foregoing, we overrule both of appellant's issues on appeal.

### III.    CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 13, 2014
Do not publish
[CR25]