Opinion issued April 8, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-12-00204-CR

———————————

**RAZIEL JESUS MUNOZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 185th District Court
Harris County, Texas
Trial Court Case No. 1175702

## MEMORANDUM OPINION

After Raziel Jesus Munoz pleaded guilty to felony murder, the trial court placed him on deferred adjudication community supervision for ten years. The order of deferred adjudication assessed court costs in the amount of $203. Two

and a half years later, on the State's motion, the trial court adjudicated Munoz guilty. The judgment adjudicating guilt assessed court costs in the amount of $92. In his sole issue on appeal, Munoz contends that there is insufficient evidence to support the court cost of $92. We affirm.

**Discussion**

Munoz requested that a bill of costs be included in the appellate record. *See* TEX. R. APP. P. 34.5(a)(13) ("the record must include copies of . . . any filing that a party designates to have included in the record"). None was included in the original clerk's record but the district clerk filed two supplemental records, each containing an itemized J.I.M.S. cost bill assessment.[1] Munoz objected to the supplemental clerk's records on the grounds that the documents they contained were not proper bills of costs, supplementation of the clerk's record was improper, and there was no evidence that the cost bill assessments were ever presented to the trial court. The Court of Criminal Appeals has rejected all of these arguments. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4–6 (Tex. Crim. App. Feb. 26, 2014).

---

[1] On December 13, 2012, we ordered the district clerk to file a supplemental record containing a bill of costs, unaware that the district clerk had already filed a supplemental record six days earlier. The clerk complied with our order and filed a second supplemental record on February 13, 2013. Both supplemental records contain J.I.M.S. cost bill assessments, which differ only in that each is signed by a different deputy district clerk and the first is titled "J.I.M.S. Cost Bill Assessment," while the second is titled "J.I.M.S. Supplemental Cost Entry."

Munoz also objected that the J.I.M.S. cost bill assessments do not comply with the statutory requirements for bills of costs because they are not "signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). But the last page of each contains the district clerk's certification stamp, followed by the signature of a deputy district clerk. Accordingly, the documents are signed by an officer who is entitled to receive payment for the cost—the county district clerk. *See Johnson*, 2014 WL 714736, at *5 (holding document was signed by officer entitled to receive payment for cost because last page contained seal of district clerk certifying document as true and original copy and was signed by deputy clerk); *see also Thomas v. State*, No. 01-12-00487-CR, 2013 WL 1163980, at *3 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (noting that assessment in supplemental record fulfilled bill of costs requirements under article 103.001 because it contained itemized list of court costs and last page contained certification stamp initialed by the clerk and signature of trial court deputy clerk).

Munoz further argues that the evidence is insufficient to support the assessment of court costs in the amount of $92.[2] "[W]e review the assessment of

---

[2] We note that Munoz does not challenge the assessment in the deferred adjudication order of costs in the amount of $203. *See Perez v. State*, No. PD-0498-13, 2014 WL 941571, at *4–5 (Tex. Crim. App. Mar. 12, 2014) (appellant who does not challenge cost assessment in deferred adjudication order by a timely appeal from the deferred adjudication order waives appellate complaint as to that

court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Johnson*, 2014 WL 714736, at \*2. We review the sufficiency of the evidence supporting the award of costs in the light most favorable to the trial court's judgment. *See Mayer*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas*, 403 S.W.3d 377, 385 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, No. PD-0733-13, 2014 WL 714734 (Tex. Crim. App. Feb. 26, 2014); *Thomas*, 2013 WL 1163980, at \*3.

A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees. *See Johnson*, 2014 WL 714736, at \*2. The record shows that Munoz was convicted of a felony in district court, supporting each of the following court costs:

(1)    $50.00 for executing or processing an issued arrest warrant, capias, or capias pro fine;[3]

(2)    $5.00 for making an arrest without a warrant;[4]

---

[3]    sum). The J.I.M.S. cost bill assessments reflect that Munoz in fact paid $208, which was $5 more than the $203 assessment.

[3]    TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West Supp. 2013) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias, or capias pro fine . . . .").

[4]    *Id.* art. 102.011(a)(1) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer: $5 for . . . making an arrest without a warrant.").

(3)    $15.00 in commitment fees;[5]

(4)    $15.00 in release fees;[6]

(5)    $40.00 to the clerk's office;[7]

(6)    $5.00 security fee;[8]

(7)    $133.00 consolidated court cost for conviction of a felony;[9]

(8)    $4.00 jury reimbursement fee;[10]

(9)    $25.00 district court records preservation fee;[11]

---

[5]    *Id.* art. 102.011(a)(2)(B)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release."). Although the statutory fee is $5, the judgment reflects that Munoz was committed three times, resulting in a $15 fee.

[6]    *Id.* Although the statutory fee is $5, the judgment reflects that Munoz was released three times, resulting in a $15 fee.

[7]    *Id.* art. 102.005(a) (West 2006) ("A defendant convicted of an offense in a county court, a county court at law, or a district court shall pay for the services of the clerk of the court a fee of $40.").

[8]    *Id.* art. 102.017(a) (West Supp. 2013) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court.").

[9]    TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2013) ("A person convicted of an offense shall pay as a court cost, in addition to all other costs: $133 on conviction of a felony.").

[10]    TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2013) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.").

[11]    *Id.* art. 102.005(f) (West 2006) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation

(10) $2.00 for support of indigent defense;[12] and

(11) $6.00 for support for the judiciary.[13]

These fees total $300.00, but after subtracting the $208.00 that Munoz paid and did

not challenge, the difference is $92, which is the same amount of costs assessed in

the judgment:

$ 133.00 (consolidated court cost for conviction of a felony)
$  50.00 (arrest fee)
$  40.00 (clerk's office fee)
$  25.00 (district court records preservation fee)
$   6.00 (support for the judiciary fee)
$   5.00 (making arrest without a warrant)
$  15.00 (release fee)
$  15.00 (commitment fee)
$   5.00 (security fee)
$   4.00 (jury reimbursement fee)
$   2.00 (support of indigent defense fee)
_____
$ 300.00
-    $ 208.00 (amount paid)
_____
$  92.00

---

services performed by the county as required by Chapter 203, Local Government Code.").

[12]  TEX. LOC. GOV'T. CODE ANN. § 133.107(a) (West Supp. 2013) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.").

[13]  *Id.* § 133.105(a) (West 2008) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.").

Accordingly, we hold that the evidence was sufficient to support the court costs in the amount of $92 assessed in the trial court's judgment adjudicating guilt. *See Johnson*, 2014 WL 714736, at *2, *7.

## Conclusion

We affirm the judgment of the trial court and dismiss all pending motions as moot.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do Not Publish — TEX. R. APP. P. 47.2(b).