

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00058-CR

———————————————

ALMEATER WILSON TURNER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1600223D

Before Bassel, Wallach, and Walker, JJ.
Opinion by Justice Bassel

## OPINION

### Introduction

On appeal from her contested deferred-adjudication probation revocation, Almeater Wilson Turner has raised a single point: that the trial court violated her right to due process by ordering her to pay $900 of past-due monthly probation fees in the judgment that adjudged her guilty and assessed her sentence. Although we have repeatedly held, in both published and unpublished opinions, that a trial court does not violate a person's due-process rights by assessing unpaid probation fees as "reparations," none of our prior cases have directly addressed the significance, if any, of the 2017 deletion of the word "reparation" from Article 42.03, § 2(b) of the Code of Criminal Procedure, upon which some of our opinions have purported to rely, at least partially. *See, e.g., Taylor v. State*, No. 02-15-00425-CR, 2016 WL 3159156, at *4 (Tex. App.—Fort Worth June 2, 2016, pet. ref'd) (mem. op., not designated for publication); *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication); *Brown v. State*, No. 2-08-063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (per curiam) (mem. op., not designated for publication); *see also Kitchen v. State*, 594 S.W.3d 429, 431–32 (Tex. App.—Fort Worth 2019, pet. ref'd) (op. on reh'g en banc) (citing *Tucker* without citing Article 42.03, § 2(b)); *Hongpathoum v. State*, 578 S.W.3d 213, 216 (Tex. App.—Fort Worth

2019, no pet.) (same); *Zamarripa v. State*, 506 S.W.3d 715, 716 & n.2 (Tex. App.—Fort Worth 2016, pet. ref'd) (same).

Consequently, we asked for supplemental briefing in this case to address whether the change to Article 42.03, Section 2(b) affects our prior holdings. Having considered the supplemental briefing and our own research, we conclude that the amendment to Article 42.03, Section 2(b) does not affect our prior holdings and that a trial court does not violate a defendant's due-process right by assessing probation fees as reparations in a subsequent judgment adjudicating guilt.[1] We therefore affirm the majority of the trial court's judgment. But because the total amount of probation fees assessed in the judgment erroneously includes fees for an extra month Turner was not on probation—$60—we modify the total amount assessed.

## Procedural Background

In February 2020, Turner pleaded guilty to deadly conduct—discharging a firearm at a person—in exchange for seven years' deferred-adjudication community supervision. The trial court assessed $290 in court costs in the judgment. As a condition of Turner's community supervision, the trial court required her to pay a $60 monthly supervision fee and a $20 crime-stoppers fee. The trial court also imposed a community-service obligation that would be waived if Turner paid her court costs within thirty days.

---

[1]The fact that this case involved the adjudication of guilt after deferred-adjudication probation was revoked, rather than the revocation of straight probation after conviction, is not legally significant to our analysis.

3

A little over two months later, the State filed a petition to adjudicate Turner guilty of the original deadly-conduct offense, alleging that she had committed a new offense: assault on a family member resulting in bodily injury. The State also alleged that Turner had failed to pay her March 2020 supervision fee. After an April 2021 hearing at which Turner contested the State's allegations, the trial court found that she had committed the new offense, revoked her probation, adjudicated her guilty of deadly conduct, and assessed her sentence at four years' confinement.

In the judgment, the trial court assessed no fine, no restitution, and no court costs, but it ordered Turner to pay "REPARATIONS IN THE AMOUNT OF $910.00." The trial court attached to the judgment an Order to Withdraw Funds, directed to "INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE," indicating that "[c]ourt costs, fees and/or fines and/or restitution have been incurred in the amount of $910.00," and ordering that amount withdrawn from Turner's inmate trust account.

A May 2021 List of Fee Breakdowns from the Tarrant County District Clerk shows that Turner had paid the $290 in court costs from the original deferred-adjudication judgment. But a document entitled "Revocation Restitution / Reparation Balance Sheet – Art. 42.03 SEC. 2,b C.C.P." from the Community Supervision and Corrections Department of Tarrant County, Texas, showed that Turner owed $910 in "ADMINISTRATIVE FINANCIAL OBLIGATIONS": $10.00 "Due to CSCD – CRIME STOPPER FEE" and $900 in "PROBATION

4

FEES." Turner challenges only the assessment of the $900 attributed to probation fees.

### Record Shows Basis for Probation Fees Assessed in Judgment

In her initial brief, Turner contends that probation fees cannot properly be characterized as reparations because the Court of Criminal Appeals has not so defined them and because they cannot be included within the plain meaning of that term. In her supplemental briefing, Turner argues that by eliminating the word "reparation" from Article 42.03, Section 2(b), the legislature has removed any statutory authorization for a trial court to impose probation fees in the judgment.

### Law Governing Costs and Fees in Judgment

The Texas Code of Criminal Procedure requires that a judgment order a defendant to pay "costs." *See* Tex. Code Crim. Proc. Ann. arts. 42.15, 42.16; *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). When addressing a complaint about the assessment of administrative fees or costs in a judgment, we review the record to determine only whether a basis to support the award exists; we do not apply traditional *Jackson v. Virginia* sufficiency principles. *Johnson*, 423 S.W.3d at 389–90.

Whether a basis to assess a cost or fee exists depends on statutory law. Only statutorily authorized costs and fees may be assessed[2] against a criminal defendant,

---

[2]Even if costs are assessed, they are not collectible unless included in a bill of costs. *See Johnson*, 423 S.W.3d at 394–95 (distinguishing assessment and collection); *Thomas v. State*, 445 S.W.3d 288, 292 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("[A] judgment may assess costs, but ultimately, in any post-judgment civil proceeding

and those costs may be classified as either mandatory or discretionary. *Johnson*, 423 S.W.3d at 389. The Court of Criminal Appeals has defined "[a] mandatory cost [as] one other than attorney's fees that is a predetermined, legislatively mandated obligation *imposed upon conviction*." *Id.* (emphasis added). But it has not expressly defined what constitutes a statutorily authorized discretionary cost. *See id.* (using attorney's fees under Code of Criminal Procedure Article 26.05(g) as example of discretionary "cost").

The Code of Criminal Procedure mandates the assessment of monthly probation fees in an order imposing probation, but it neither expressly authorizes nor prohibits the assessment of those fees in a subsequent judgment revoking probation or adjudicating guilt. *See* Tex. Code Crim. Proc. Ann. art. 42A.652(a) (requiring judge to impose monthly probation-fee amount but giving judge discretion to waive, reduce, or suspend fee if payment would cause financial hardship). Although this court has repeatedly held that a trial court is expressly authorized to assess probation fees in the judgment, our reasoning has not always been consistent.

One of our earliest cases holding that a trial court may assess unpaid monthly probation fees in the judgment is *Brown*, 2009 WL 1905231, at *2. We later cited *Brown* in both *Tucker v. State* and *Taylor v. State*, the principal cases we relied on in our

to collect costs, a bill of costs meeting the requirements of article 103.001 is required."). *But see* Tex. Gov't Code Ann. § 501.014(e) (providing that upon proper notification Department of Criminal Justice must withdraw from inmate trust account "any amount the inmate is ordered to pay *by order of the court* under this subsection" (emphasis added)).

6

first published opinion addressing this issue, *Zamarripa*, 506 S.W.3d at 716. *Tucker*, *Taylor*, and *Brown* give two primary reasons for their holdings: (1) that the former version of Article 42.03, Section 2(b) *required* the trial court to include any "reparation" in a revocation judgment; and (2) that the imposition of monthly probation fees is authorized by statute, citing the former version of Article 42A.652(a). *Taylor*, 2016 WL 3159156, at *4 (relying on and quoting *Tucker*); *Tucker*, 2016 WL 742087, at *2 (relying on former Article 42.12, Section 19(a), which required judge to impose monthly probation-fee amount but gave judge discretion to waive, reduce, or suspend fee if payment would cause financial hardship); *Brown*, 2009 WL 1905231, at *2 & n.6 (same).

**Article 42.03, Section 2(b)**

The pre-2017 version of Article 42.03, Section 2(b) provided that "[i]n all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution *or reparation* due and owing on the date of the revocation." Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.03, 1993 Tex. Gen. Laws 3586, 3747 (emphasis added). This court and other courts thus occasionally cited this statute as requiring a judge to include reparations in a judgment revoking community supervision. *See, e.g.*, *McKinney v. State*, No. 02-12-00479-CR, 2014 WL 1510095, at *2 (Tex. App.—Fort Worth Apr. 17, 2014, pet. ref'd) (per curiam) (mem. op., not designated for publication); *Cadena v. State*, No. 02-09-00429-CR, 2011 WL 1103817, at *3 (Tex. App.—Fort Worth Mar. 24, 2011, pet. ref'd) (mem. op., not designated for

7

publication); *Jackson v. State*, No. 02-09-00258-CR, 2010 WL 5186811, at *2–4 (Tex. App.—Fort Worth Dec. 23, 2010, pet. ref'd) (per curiam) (mem. op. on PDR, not designated for publication).

In 2015, the legislature amended Article 42.03, Section 2(b), effective January 1, 2017, to its current version, which simply deletes the words "or reparation": "In all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution due and owing on the date of the revocation." Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.12, 2015 Tex. Gen. Laws 2321, 2370 (current version at Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b)). The amendment to Article 42.03, Section 2(b) was intended to be nonsubstantive. Act of May 26, 2015, 84th Leg., R.S., ch. 770, Article 1, 2015 Tex. Gen. Laws 2321, 2321; S. Rsch. Ctr., Bill Analysis, Tex. H.B. 2299, 84th Leg., R.S. (2015) (stating that "[t]he substance of the law has not been altered" and that "[t]he council's legal staff has taken meticulous care to ensure that no substantive change has been made in the laws and to preserve any ambiguity or interpretation that may exist in the current laws"). According to the bill analysis, the rewriting process involved only

> reclassifying and rearranging the statutes in a more logical order, employing a numbering system and format that will accommodate later expansion of the law, eliminating repealed, invalid, duplicative, and other ineffective provisions, and improving the draftsmanship of the law, if practicable—all toward promoting the stated purpose of making the statutes "more accessible, understandable, and usable" without altering the sense, meaning, or effect of the law.

S. Rsch. Ctr., Bill Analysis, Tex. H.B. 2299, 84th Leg., R.S. (2015).

8

But Turner argues that the amendment nevertheless effected a substantive change, that by deleting the word reparation from Article 42.03, Section 2(b), "the legislature has seen fit to eliminate entirely *any* justification for assessing a cost against a criminal defendant under the rubric of some sort of 'reparations.'" [Emphasis added.] This is precisely what the Eastland court of appeals has held in *Sheridan v. State*: "While we agree that the Texas Code of Criminal Procedure previously authorized the assessment of reparations, we do not believe that the Code continues to do so." Nos. 11-19-00303-CR, 11-19-00304-CR, 2020 WL 1887710, at *2 (Tex. App.—Eastland Apr. 16, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (acknowledging that although a trial court is statutorily authorized to impose monthly probation fees during probation, court could "find no current statute that would authorize a trial court to order a defendant to pay such fees after his community supervision has been revoked"); *see also Goodman v. State*, No. 11-21-00109-CR, 2021 WL 5830719, at *2 (Tex. App.—Eastland Dec. 9, 2021, no pet. h.) (per curiam) (mem. op., not designated for publication) (relying on *Sheridan*).

This argument presumes that a judgment's description of unpaid probation fees as "reparations" is what authorizes the trial court to assess those fees in the judgment. As we explain below, it is not.

**Assessment of Unpaid Fees Authorized by Article 42A.652(a)**

To understand why the deletion of the word "reparation" from Article 42.03, Section 2(b) does not affect a trial court's ability to assess unpaid probation fees in a

9

subsequent revocation or adjudication judgment, it is necessary to understand the entire basis of our prior holdings, beginning with *Brown*. In addition to citing Article 42.03, Section 2(b), *Brown* also relied on a Beaumont case, *Revia v. State*, No. 09-07-068-CR, 2007 WL 2446099 (Tex. App.—Beaumont Aug. 29, 2007, no pet.) (mem. op., not designated for publication). In *Revia*, the trial court assessed probation fees in the judgment as "restitution." *Id.* at *1. Recognizing that probation fees cannot be properly assessed as restitution because their purpose is not to compensate the victim of the crime,[3] the Beaumont court also held that the probation fees and other probation-related fees—for example, a crime-stoppers fee—do not have to be orally pronounced to be assessed in the judgment because they are "not punishment." *Id.* at *2. It characterized those types of fees as "administrative fees" that "are expressly

---

[3]We have consistently held that reparations are not punishment and, therefore, not part of a defendant's sentence. *See, e.g.*, *Levine v. State*, No. 02-19-00414-CR, 2020 WL 5414974, at *2 (Tex. App.—Fort Worth Sept. 10, 2020, no pet.) (mem. op., not designated for publication); *Riojas v. State*, No. 02-18-00026-CR, 2018 WL 3580897, at *1 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication); *Brown*, 2009 WL 1905231, at *2. Thus, the current version of Article 42.03, Section 2(b) does not require or authorize the assessment of unpaid monthly probation fees in a subsequent revocation or adjudication judgment. Although not necessarily controlling, we note that Article 42.03 is, and always has been, entitled "Pronouncing sentence; time; credit for time spent in jail between arrest and sentence or pending appeal," and its subject matter involves matters related to sentencing. Tex. Code Crim. Proc. Ann. art. 42.03; *see* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 485. Accordingly, the title of CSCD's worksheets that are commonly included in our appellate records appears to be inaccurate.

authorized by statute." *Id.* (citing former Government Code Section 103.021(9),[4] which provided that "[a]n accused or defendant . . . shall pay . . . if ordered by the court" the monthly probation fee imposed in former Article 42.12, section 19(a)). In holding that a trial court is authorized to assess unpaid probation fees in the judgment, the Beaumont court did not rely on Article 42.03, § 2(b) at all.

The Beaumont court thus employed what can be described as a functional approach to the imposition of probation fees: it held that, regardless of the title used to describe the statutorily authorized probation-related costs and fees assessed in the judgment, these items can still be assessed, not as punishment or restitution but as other types of fees—because a statute authorizes the trial court to impose them in the first place. *See id.*; *see also Mead v. State*, No. 09-17-00406-CR, 2019 WL 1924243, at *2 (Tex. App.—Beaumont May 1, 2019, no pet.) (mem. op., not designated for publication) (holding same after Article 42.03, § 2(b) revision); *Beard v. State*, Nos. 09-13-00391-CR, No. 09-13-00392-CR, 2013 WL 6705981, at *2 (Tex. App.—Beaumont Dec. 18, 2013, no pet.) (mem. op., not designated for publication) (referring to probation-fees assessment as "administrative fees"); *cf. Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (holding—when confronted with attorney's fees assessment that was neither cost nor fine—that attorney's fees need not be orally pronounced or even included in the judgment to be effective when authorized by

---

[4]*See* Act of May 28, 2003, 78th Leg., R.S., ch. 1278, § 1, 2003 Tex. Gen. Laws 4655, 4671.

statute, analogizing attorney's fee to court costs: "Like court costs and unlike fines, attorney fees are compensatory and non-punitive. . . . Because attorney fees are akin to court costs, we apply the same rules to attorney fees that we apply to court costs"). *But see Smith v. State*, No. 10-19-00134-CR, 2021 WL 3884276, at *1 (Tex. App.— Waco Aug. 31, 2021, no pet. h.) (mem. op., not designated for publication) (holding that extradition expenses and unpaid community-supervision fees assessed in judgment and labeled as "restitution" had to be struck because not orally pronounced, seemingly in contrast to same court's holding in *Horton v. State*, No. 10-09-00258-CR, 2010 WL 2010932, at *4 (Tex. App.—Waco May 19, 2010, pet. ref'd) (mem. op., not designated for publication)).[5]

Our unpublished opinion in *Levine* recognized and employed this functional approach in rejecting the appellant's argument that the probation-related fees were actually ordered as restitution. *See* 2020 WL 5414974, at *2–3 ("Because probation-related fees are 'not part of the guilt or sentence of a criminal defendant' and because they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with' Appellant's case, correlating unpaid probation-related fees to costs makes eminent sense.") (also citing *Johnson* and *Zamarripa*); *see also Smith v. State*, No. 10-19-00134-CR, 2021 WL 3887888, at *3–4 (Tex. App.—Waco Aug. 31, 2021, no pet. h.) (Johnson, J., dissenting & concurring) (advocating for use of functional

---

[5]*See Sheridan*, 2020 WL 1887710, at *2 (noting that trial court had assessed probation fees as "restitution" in judgment adjudicating guilt without having orally pronounced them as part of sentence).

approach and concluding that supervision fees in Article 42A.652(a) are court costs rather than restitution and that mischaracterization of them in judgment as "restitution" was merely a clerical error).

Our holdings and this functional approach are thus at odds with the Eastland court's. Its *Sheridan* opinion applied to probation fees the same reasoning underlying a line of cases holding that although a trial court can require DPS lab-testing fees to be paid as probation conditions, those fees cannot be assessed in the judgment upon probation revocation because no statutory authority specifically states that they can. *See Aguilar v. State*, 279 S.W.3d 350, 353–54 & n.1 (Tex. App.—Austin 2007, no pet.) (holding that no authority existed to assess lab fees reimbursable to DPS in revocation judgment although statutory authority existed to impose them as probation condition); *see also, e.g.*, *Ortega v. State*, No. 11-19-00081-CR, 2021 WL 2836799, at *1 (Tex. App.—Eastland July 8, 2021, no pet.) (per curiam) (mem. op. on remand, not designated for publication); *Kelley v. State*, No. 03-19-00040-CR, 2021 WL 81691, at *5 (Tex. App.—Austin Jan. 8, 2021, pet. ref'd) (mem. op., not designated for publication); *Wesley v. State*, No. 06-19-00269-CR, 2020 WL 3456599, at *2 (Tex. App.—Texarkana June 25, 2020, no pet.) (mem. op., not designated for publication); *Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1–2 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication); *King*

13

*v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *2 (Tex. App.—Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication).[6]

The reasoning in this line of cases is in direct opposition to our holding in *Brown*, although we have also cited *Aguilar* in two of our own cases with respect to lab fees imposed as restitution, *Milligan v. State*, No. 02-16-00035-CR, 2016 WL 6123643, at *1–2 & n.2 (Tex. App.—Fort Worth Oct. 20, 2016, no pet.) (mem. op., not designated for publication) (not employing functional approach as to DPS lab fees labeled in judgment as restitution); *Jensen v. State*, No. 02-15-00234-CR, 2016 WL 3569249, at *1 (Tex. App.—Fort Worth June 30, 2016, no pet.) (mem. op., not designated for publication) (same).[7] As this court did in *Milligan* and *Jensen*, other

---

[6]*But see Horton*, 2010 WL 2010932, at *4 (citing *Brown* and *Revia*, as well as Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b) and *Aguilar*, and concluding that lab fees imposed as probation condition, even though improperly called restitution, could be assessed in judgment despite fact that trial court did not orally pronounce them at sentencing); *but cf. Harris v. State*, No. 12-12-00398-CR, 2013 WL 3967744, at *3 & n.4 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication) (comparing *Horton* and *Aguilar* for the proposition that "[t]here is a conflict among the courts of appeals as to whether the payment of lab fees qualifies as "reparations" under Section 2(b), Article 42.03 of the Texas Code of Criminal Procedure," and ultimately determining issue was not preserved); *Brown v. State*, No. 06-11-00022-CR, 2011 WL 3275284, at *1–2 (Tex. App.—Texarkana Aug. 2, 2011, no pet.) (mem. op., not designated for publication) (noting that DPS lab fees were ordered as reimbursement rather than restitution—seemingly employing functional approach—but then holding that such fees were not recoverable because nothing in record supported fees amount or showed that Brown had ability to pay fees).

[7]*Gonzalez v. State*, No. 02-17-00317-CR, 2019 WL 983699, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication), relies on *Aguilar* as well, but it is not a probation case; therefore, Article 42A.652(a) did not apply.

courts have relied on *Aguilar* to hold that lab fees labeled as "restitution" should be struck because they cannot properly be characterized as restitution, but these cases do not expressly rely on *Aguilar*'s holding that although there is authority for a trial court to impose lab fees as a condition of probation, that authority does not extend to subsequent revocation or guilt-adjudication judgments that assess unpaid monthly probation fees. *E.g.*, *Jackson v. State*, 562 S.W.3d 717, 724 (Tex. App.—Amarillo 2018, no pet.) (deciding, without employing functional approach or *Aguilar* logic, that lab fees could not be assessed as "restitution"); *Zimmerman v. State*, No. 05-17-00492-CR, 2018 WL 3968419, at *7 (Tex. App.—Dallas Aug. 20, 2018) (mem. op., not designated for publication), *pet. dism'd, improvidently granted*, 2020 WL 3265254 (Tex. Crim. App. Jun. 17, 2020), *cert. denied*, 141 S. Ct. 1273 (2021); *Abraham v. State*, Nos. 04-13-00180-CR, 04-13-00181-CR, 04-13-00182-CR, 2014 WL 2917378, at *1 (Tex. App.—San Antonio June 25, 2014, no pet.) (mem. op., not designated for publication). In any event, these cases are distinguishable because the trial court here did not purport to assess the probation fees as restitution.

We must therefore decide whether—independently of Article 42.03, Section 2(b)—adequate statutory authority exists for the trial court to assess unpaid monthly probation fees in a judgment revoking probation or adjudicating guilt after revoking deferred-adjudication probation. Although *Sheridan* and its underlying authority[8] do

---

[8]Although *Levine* cited *Sheridan* for the fact that Article 42.03, Section 2(b) was amended, it did not expressly disagree with *Sheridan*'s conclusion—contrary to the

15

not think so, we believe that Article 42A.652(a) provides that authority. We see no reason to abandon our long-standing precedential holdings, and therefore we decline to adopt the Eastland court's holding in *Sheridan* that a trial court may not assess probation fees in a judgment adjudicating guilt or revoking probation. We do not read the Court of Criminal Appeals's opinion in *Johnson* to require that a statute expressly state that a fee or cost—mandated as a condition of probation—must or may be assessed in the judgment upon a subsequent revocation or adjudication before such unpaid fees or costs may be included in that judgment.[9] *See* 423 S.W.3d at 389 (noting that discretionary costs may be included in judgment if authorized by statute).

Moreover, our holding comports with recent legislative revisions to the criminal costs and fees statutes, although those changes do not apply in Turner's case.

---

functional approach *Levine* employed—that Article 42.03, Section 2(b) was the only statutory authority for assessing probation fees as reparations in the revocation judgment. 2020 WL 5414974, at *1 & n.2.

[9]Although we may not infer that the Court of Criminal Appeals approves of our reasoning—or even, necessarily, our holdings—on this issue, we note that it has repeatedly refused petitions for discretionary review from this court on the same issue, even after the amendment of Article 42.03, Section 2(b). *See, e.g.*, *McGlothlin v. State*, No. 02-19-00413-CR, 2021 WL 1919644, at *1 (Tex. App.—Fort Worth May 13, 2021, pet. ref'd) (mem. op., not designated for publication) (addressing same issue as sole complaint); *Carlisle v. State*, No. 02-19-00103-CR, 2019 WL 4866306, at *2 (Tex. App.—Fort Worth Oct. 3, 2019, pet. ref'd) (mem. op., not designated for publication); *Maxion v. State*, No. 02-18-00176-CR, 2019 WL 3269324, at *2 (Tex. App.—Fort Worth July 18, 2019, pet. ref'd) (mem. op. en banc, not designated for publication); *Kitchen*, 594 S.W.3d at 432; *see also Davis v. State*, No. 14-20-00290-CR, 2021 WL 1222787, at *2 (Tex. App.—Houston [14th Dist.] Apr. 1, 2021, pet. ref'd) (mem. op., not designated for publication) (addressing, in transfer case from this court, same complaint).

In addition to changing the title of the required monthly probation "fee" in Article 42A.652 to "reimbursement fee," *see* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, S.B. 346, § 2.15, the legislature has included a reimbursement fee in the definition of cost for purposes of Chapter 43 of the Code of Criminal Procedure, which provides for the execution on a judgment for a fine and costs, *see* Act of May 8, 2021, 87th Leg., R.S., ch. 106, S.B. 1373, § 2 (current version at Tex. Code Crim. Proc. Ann. art. 43.015(3)).

Therefore, we overrule Turner's sole point complaining generally that the trial court had no authority to assess the unpaid monthly fees in the judgment.[10]  But, as the State correctly concedes, because Turner's first monthly fee was payable on March 15, 2020, and she was adjudicated guilty on April 29, 2021, she could only have been responsible for fourteen months of payments, $840, at the time of adjudication. Accordingly, we will modify the trial court's judgment and attached withdrawal order to delete $60 from the reparations amount so that the judgment assesses only $850 in reparations and the withdrawal order authorizes the withdrawal of a total of $850 only.  *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

---

[10]Although Turner did not challenge imposition of the $10 that the CSCD worksheet attributed to the unpaid portion of the crime-stoppers fee, the State addressed the propriety of that assessment in its brief.  We agree with the State that the record contains a basis for assessment of that fee.  *See* Tex. Code Crim. Proc. Ann. art. 42A.301(b)(19) (providing that trial court may require defendant, as a probation condition, to "pay a fine in an amount not to exceed $50 to a crime stoppers organization"); *Ayala v. State*, No. 02-17-00385-CR, 2018 WL 2727954, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication).

## Conclusion

We modify the trial court's judgment and attached withdrawal order to delete $60 from the reparations amount so that the judgment assesses only $850 in reparations and the withdrawal order authorizes the withdrawal of a total of $850 only. We affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Dabney Bassel

Dabney Bassel
Justice

Publish

Delivered: January 13, 2022