**Opinion issued September 12, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00243-CR

_____

**BRODRECK HEARNE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 1330405

## CONCURRING OPINION

I agree that, following the precedent of this Court, appellant's claim on appeal fails and the judgment must be affirmed. However, I write separately to address a concern raised by cases such as this one, in which the only argument

presented on the appellant's behalf does not address any issue on the merits of the conviction or punishment assessed.

Here, Brodreck Hearne pleaded guilty to the felony offense of injury to a child without an agreed recommendation on punishment. The trial court assessed Hearne's punishment at fifteen years' confinement and ordered him to pay $234 in court costs. Hearne filed a timely notice of appeal, and the trial court appointed the Harris County Public Defender's Office to represent him on appeal.

Hearne's appellate counsel filed a brief raising one issue on appeal: the sufficiency of the evidence supporting the trial court's order to pay court costs. This Court has addressed that issue in previous cases where it was raised in conjunction with other issues on appeal. *See, e.g.*, *Cardenas v. State*, 403 S.W.3d 377, 379 (Tex. App.—Houston [1st Dist.] 2013, pet. granted) (raising issues of sufficiency of evidence supporting conviction and sufficiency of evidence supporting amount of court costs entered in final judgment).

However, the practice of asserting this complaint as an appellant's sole argument on appeal raises multiple concerns, based primarily on the fact that this is not an issue that addresses the merits of the case. The issue of the "sufficiency of the evidence" to support an assessment of costs "in no way implicates the fact or duration of [appellant's] confinement pursuant to his conviction." *See In re Daniel*, 396 S.W.3d 545, 548 (Tex. Crim. App. 2013) (concluding, in post-

2

conviction habeas corpus proceeding following trial court's assessment of costs fifteen years after rendering judgment of conviction, that challenge to assessment of attorney's fees as costs is properly considered in mandamus proceeding). Rather, the assessment of court costs against a person convicted of an offense is mandated by statute. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. arts. 102.001–.072 (Vernon 2006 & Supp. 2012) (providing costs to be paid by defendants). Court costs are not punitive; they are merely a collateral consequence of a defendant's conviction, and thus they need not be incorporated into the judgment to be assessed, but may be assessed. *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011). Instead, costs may be assessed, and a bill of costs may be produced, after the rendition of judgment. *See id.*

Indeed, the legislature has provided a statutory mechanism for the imposition and collection of court costs. The district clerk must keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. TEX. CODE CRIM. PROC. ANN. art. 103.009(a)(1) (Vernon 2006). "A cost is not payable by the person charged with the cost until a written bill is produced or *is ready to be produced*, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001 (Vernon 2006) (emphasis added). If a correction of costs is necessary, the statute provides that, "[o]n the filing of a motion by a

defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs" and that "[t]he defendant must notify each person affected by the correction of costs in the same manner as notice of a similar motion is given in a civil action." *Id.* art. 103.008 (Vernon 2006). If a criminal action is appealed, an officer of the court must certify and sign a bill of costs and send it to the court to which the action is appealed. *Id.* art. 103.006 (Vernon 2006).

Thus, under this statutory scheme, the failure of the trial court clerk to include a bill of costs in the appellate record is not a "sufficiency of the evidence" point in the traditional sense. The statute does not require that the bill of costs be provided as part of the clerk's record; it provides only that the bill of costs must be transferred to the appellate court. *See id.* And, in the event such a bill is not transferred to us in a timely manner, the Rules of Appellate Procedure provide a mechanism whereby this Court can request documents from the trial court clerk. *See* TEX. R. APP. P. 34.5(c)(1), (3) (authorizing courts of appeal to direct trial court clerk to supplement record with any relevant omitted item). Furthermore, no factual determinations need to be made in the trial court for the costs to be assessed. *Compare* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2012) (investing trial court with authority to order reimbursement of appointed

4

attorney's fees if it "determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided") *with id.* arts. 102.001–.072 (imposing costs on person convicted of offense without any finding required by trial court or trier of fact).

Thus, Hearne's brief essentially presents nothing for appellate review. The only issue asserted, even if meritorious, could not result in a reversal, in whole or in part, of his conviction or punishment. *See Wolfe v. State*, 377 S.W.3d 141, 146 (Tex. App.—Amarillo 2012, no pet.) (providing that assessment of attorney's fees as court costs that are not supported by evidence must be deleted). Because the costs can be assessed after the rendition of judgment, the most Hearne could hope to accomplish from such a claim is a delay in the assessment of costs against him. *See Armstrong*, 340 S.W.3d at 766–67 ("Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective."). Furthermore, the statutory scheme allows Hearne to obtain relief outside of the appellate process for any errors in the assessed costs.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 103.008 (providing method for correcting costs).

Thus, by choosing to raise this issue as Hearne's sole complaint on appeal, his counsel has effectively prevented this Court from addressing any issues relating

---

[1]    I note that Hearne does not challenge the appropriateness of the costs generally, nor does he challenge any particular assessment against him.

5

to the merits of Hearne's underlying conviction and punishment and has effectively waived Hearne's right to appellate review on the merits of his case. *See State v. Bailey*, 201 S.W.3d 739, 744 (Tex. Crim. App. 2006) (holding that appellate court may not "reach out and reverse the trial court on an issue that was not raised" in brief on appeal).

In my view, counsel's failure to raise any issues addressing the merits of the underlying conviction without following the protections of the *Anders* procedure deprives Hearne of important constitutional rights. *See Anders v. California*, 386 U.S. 738, 742–44, 87 S. Ct. 1396, 1399–1400 (1967) (holding that summary proceedings concluding that defendant had been accorded fair and impartial trial "cannot be an adequate substitute for the right to full appellate review available to all defendants" and stating, "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client. . . ."). In *Anders*, the Supreme Court held that "counsel's bare conclusion" that the defendant's appeal lacked merit was insufficient to meet the constitutional standards of effective assistance of counsel. *Id.* at 742–43, 87 S. Ct. at 1399. Instead, to protect the interest of equal justice, it held that counsel who finds his client's case to be wholly frivolous "should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably

support the appeal." *Id.* at 744, 87 S. Ct. at 1400. The reviewing court must then conduct its own thorough evaluation of the record to determine whether "it finds any of the legal points arguable on their merits," and the appellant must have an opportunity to file his own pro se brief "to raise any points that he chooses." *Id.*

Here, Hearne's counsel has presented the Court with even less of a case on behalf of his client than did Anders' counsel. He raised no issue addressing the merits of Hearne's case, and he has not indicated that he has reviewed Hearne's issues for appeal on their merits at all, much less reviewed them and found them wholly frivolous. By doing so, Hearne's counsel has deprived this Court of the ability to conduct an independent review of the record, and it has deprived Hearne of the opportunity to be heard by this Court. Thus, I would have struck the brief filed on Hearne's behalf and requested his counsel to file a brief that either raised an issue or issues addressing the merits of his conviction or punishment or to file a brief complying with the dictates of *Anders*.

Therefore, I reluctantly concur in the judgment of this Court in accordance with precedent.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.
Keyes, J., concurring.
Publish. TEX. R. APP. P. 47.2(b).

7