ACCEPTED
01-12-00647-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/10/2015 8:05:53 PM
CHRISTOPHER PRINE
CLERK

No. 01-12-00647-CR

In the
**Court of Appeals**
For the
**First District of Texas**
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

11/10/2015 8:05:53 PM

CHRISTOPHER A. PRINE
Clerk

◆

No. 1247950
In the 174th District Court
Of Harris County, Texas

◆

# CARLTON CHARLES PENRIGHT

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

◆

## STATE'S COURT-ORDERED RESPONSE TO APPELLANT'S MOTION FOR REHEARING EN BANC

◆

DEVON ANDERSON
District Attorney
Harris County, Texas

JESSICA AKINS
Assistant District Attorney
Harris County, Texas
State Bar Number: 24029415
akins_jessica@dao.hctx.net


H. C. Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713.274.5826

# INDEX OF AUTHORITIES

## CASES

*Cardenas v. State,*
  423 S.W.3d 396 (Tex. Crim. App. 2014)................................................................6

*Hearne v. State,*
  415 S.W.3d 365 (Tex. App.—
  Houston [1st Dist.] 2013, pet. ref'd)................................................................7

*Penright v. State,*
  No. 01-12-00647-CR, 2015 WL 5770006
  (Tex. App.—Houston [1st Dist.] Sept. 29, 2015 no pet. h.)................................1, 4

*Peraza v. State,*
  467 S.W.3d 508 (Tex. Crim. App. 2015)................................................................3

*Salinas v. State,*
  464 S.W.3d 363 (Tex. Crim. App. 2015)................................................................2, 4

*State v. Rosseau,*
  396 S.W3d 550 (Tex. Crim. App. 2013)................................................................3

*Thomas v. State,*
  445 S.W.3d 28 (Tex. App.—
  Houston [1st Dist.] 2013, no pet.)................................................................5

## STATUTES

TEX. CODE CRIM. PROC. ANN.
  art. 102.011 (West 2013)................................................................4, 5

TEX. CODE CRIM. PROC. ANN.
  art. 102.011(a)(1) (West 2013)................................................................4

TEX. CODE CRIM. PROC. ANN.
  art. 102.011(a)(6) (West 2013)................................................................4, 5

TEX. CODE CRIM. PROC. ANN.
  art. 103.008 (West 2013)................................................................6

TEX. LOCAL GOV'T CODE ANN.
  §133.102(a)(1) (West 2013)................................................................2

TEX. LOCAL GOV'T CODE ANN.
§133.102(e) (West 2013)................................................................3

TO THE HONORABLE COURT OF APPEALS:

## PROCEDURAL HISTORY

Appellant was charged by indictment with the offense of aggravated sexual assault. (CR 14). The jury found appellant guilty of the lesser offense of sexual assault. (CR 154). The jury sentenced appellant to 15 years confinement in the Institutional Division of the Texas Department of Criminal Justice. (CR 167, 170).

Appellant filed a motion for new trial and on appeal alleged only errors regarding his court costs, specifically attacking the $133 consolidated court cost and a $15 sheriff's fee. (RR MNT 1-15). This Court overruled his court costs claims in a published opinion on September 29, 2015. *See Penright v. State*, No. 01-12-00647-CR, 2015 WL 5770006 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015 no pet. h.).

Appellant filed a motion for rehearing en banc claiming the Court of Appeals erred in their analysis. The Court then ordered the State to respond.

———————◆———————

## REPLY TO APPELLANT'S MOTION FOR REHEARING

In two grounds for rehearing, appellant complains this Court erred by holding the consolidated court cost was constitutional and finding the bill of costs supported the sheriff's fee.

*Costs of Court*

The initial judgment in this case reflects an assessment of court costs in the amount of $534; a second judgment reflects court costs in the amount of $484, which includes a $133 consolidated court cost and a $15 sheriff's fee. (CR 170, 173). An initial bill of costs was filed, and then a supplemental bill of cost was filed. (CR 192-193, 194-195).

*Consolidated Court Cost*

Both the Texas Code of Criminal Procedure and the Texas Local Government Code contain provisions authorizing court costs in criminal cases. Section 133.102(a) of the Local Government Code authorizes a court cost in the amount of $133 when a person is convicted of a felony offense. *See* TEX. LOCAL GOV'T CODE ANN. §133.102(a)(1) (West 2013). Appellant's court costs include the fee for $133, and he challenged the constitutionality of that fee, complaining it was essentially a tax. This Court properly overruled his claim.

On rehearing, he complains this Court erred by failing to explain how the comprehensive rehabilitation fund contained in the consolidated court cost was a legitimate court cost and failed to consider each fund individually. But this is not required. The Court of Criminal Appeals recently held that requiring evidence of what the designated funds actually do is improper in a facial challenge to the statute. *Salinas v. State*, 464 S.W.3d 363, 368 (Tex. Crim. App. 2015).

2

Further, the Court of Criminal Appeals decided *Peraza*, reiterating under a facial constitutional challenge, courts consider the statute only <u>as it is written</u>, rather than how is operates in practice. *See Peraza v. State*, 467 S.W.3d 508, 515 (Tex. Crim. App. 2015) (DNA record fee is not an unconstitutional tax). The defendant in *Peraza* similarly argued the DNA record fee was an unconstitutional tax based upon the disbursement of the fee after collection, including portions to the state highway fund and criminal justice planning account. *Id.* Disagreeing with this Court's lower opinion, the Court of Criminal Appeals noted a statute is not facially unconstitutional because there might potentially be some remote circumstance in which it may be applied unconstitutionally; rather, a statute is facially unconstitutional "only if it 'always operates unconstitutionally in all possible circumstances.'" *Id.* at 516 (quoting *State v. Rosseau*, 396 S.W3d 550, 556 (Tex. Crim. App. 2013)).

The *Peraza* Court set forth a new test, and going forward the question is whether the allocation of court costs assessed is to be expended for "legitimate criminal justice purposes," defined as "one that relates to the administration of our criminal justice system." *Peraza*, 467 S.W.3d at 517. Under subsection (e) of Section 133.102, every single fund or account can be labeled as a "legitimate criminal justice purpose" "related to the administration of our criminal justice system." *See* TEX. LOCAL GOV'T CODE ANN. §133.102(e) (West 2013). This includes

3

the comprehensive rehabilitation fund. Clearly, rehabilitation is a legitimate criminal justice purpose. *See Penright*, 2015 WL 5770006 at *4. To argue otherwise defies common sense. Appellant's focus on where the funds might actually go is irrelevant. This Court is to "consider only how the statute is written, not how it operates in practice." *See Salinas*, 464 S.W.3d at 368. Appellant has incorrectly asserted it is this Court's duty to assess each fund, rather than his burden to demonstrate the statute operates unconstitutionally in all circumstances.

*Sheriff's Fee*

Appellant was initially assessed a $65 sheriff's fee, which was later corrected to reflect the accurate amount of $15; this explains why his total court costs were lowered by $50, from $ 534 to $484. (CR 170, 173, 192-193, 194-195).

The $15 sheriff's fee is derived from the court costs set out in the Texas Code of Criminal Procedure. Article 102.011 outlines several fees that may be assessed for the services of a police officer. TEX. CODE CRIM. PROC. ANN. art. 102.011 (West 2013). Article 102.011(a)(1) sets out that a defendant convicted of a felony shall pay a $5 fee when an officer makes an arrest without a warrant. TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(1) (West 2013). Article 102.011(a)(6) sets out that a defendant convicted of a felony shall pay $5 for commitment or release. TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6) (West 2013).

4

The record demonstrates that appellant was arrested without a warrant on January 14, 2010, supporting the $5 fee for arrest without a warrant under Article 102.011(a)(1). (CR 3). *See* TEX. CODE CRIM. PROC. ANN. art. 102.011 (West 2013). The record also demonstrates that appellant was committed to the Harris County Jail, pending trial, which supports one $5 fee under Article 102.011(a)(6), and then he was committed to TDCJ after his conviction, supporting a second $5 fee for commitment. (CR 3, 173-174). *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6) (West 2013). Thus, the record supports his $15 sheriff's fee. *See Thomas v. State*, 445 S.W.3d 28 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (factual evidence in the record can support an assessment of a sheriff's fee – in this case, $5 for commitment and $5 for release).

On rehearing, appellant argues that because he presented evidence at the hearing on his motion for new trial disputing these fees, this Court erred by overruling his point of error.

First, contrary to his assertion, appellant did not present factual evidence disputing the sheriff's fees. He presented an affidavit from a custodian of records at the Harris County Sheriff's Office (HCSO) that indicated they do not create records that are a statement of each cost charged in a criminal action. (RR MNT 5; MNT Defense Exhibit Number 6). Appellant seems to parlay this fact into a

smoking gun that he doesn't owe the fees. But failing to keep a record is not evidence the fee was never owed.

Second, appellant conceded at the hearing on the motion for new trial that the proper vehicle to challenge errors in court costs is through Article 103.008. (RR MNT 12). *See Cardenas v. State*, 423 S.W.3d 396 (Tex. Crim. App. 2014); Tex. Code Crim. Proc. Ann. art. 103.008 (West 2013) (on the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs).

The trial court was authorized to assess the sheriff's fee of $15; the record in this case supports this Court's conclusion.

## CONCLUSION

The Court's opinion in this case is solid. And more importantly, consistent with recent decisions by the Court of Criminal Appeals. There is no valid reason to entertain appellant's motion for rehearing. To date, this case has been pending for over 5 years, including an abatement for defense counsel to further explore court cost issues in a motion for new trial. *See Hearne v. State*, 415 S.W.3d 365, 368-370 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (Keyes, J., concurring) (expressing frustration with repeated court costs claims on appeal when there is now settled authority on the issue, and without any regard to the merits of the defendant's case on appeal – conviction or punishment).

The State respectfully requests this Court deny appellant's motion for rehearing en banc.

DEVON ANDERSON
District Attorney
Harris County, Texas


*Jessica Akins*

JESSICA AKINS
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5826
State Bar Number: 24029415
akins_jessica@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent to appellant's attorney at the following address on November 10, 2015:

Jani Maselli
Assistant Public Defender
Harris County, Texas
1201 Franklin, 13th Floor
Houston, Texas 77002
jani.maselli@pdo.hctx.net

*Jessica Akins*

JESSICA AKINS
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5826
State Bar Number: 24029415
akins_jessica@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated document has a word count of <u>1777</u> words, based upon the representation provided by the word processing program that was used to create the document.

*Jessica Akins*

JESSICA AKINS
Assistant District Attorney
Harris County, Texas

8