**Opinion issued January 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00489-CR

———————————

**LANCE JULIAN LAURA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1314922**

---

## MEMORANDUM OPINION

After appellant, Lance Julian Laura, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of compelling prostitution by a minor,[1] the trial court deferred adjudication of his guilt and placed

---

[1]  *See* TEX. PENAL CODE ANN. § 43.05(a)(2) (Vernon Supp. 2015).

him on community supervision for four years. The State, alleging several violations of the conditions of his community supervision, subsequently moved to adjudicate appellant's guilt. After a hearing, the trial court found appellant guilty and assessed his punishment at confinement for twelve years. In his sole issue, appellant contends that there is insufficient evidence to support the court costs assessed against him.

We affirm.

## Background

In its motion to adjudicate his guilt, the State alleged that appellant had "violate[d] [the] terms and conditions" of his community supervision by: (1) committing the offense of "knowingly caus[ing] . . . a person younger than eighteen years of age[] to commit prostitution"; (2) "intentionally and knowingly fail[ing] to report to the . . . City of Houston Police Department . . . in order to verify the information in the sex offender registration form maintained by that law enforcement agency"; (3) "[f]ailing to report to the Community Supervision Office for the 232nd District Court"; (4) "[f]ailing to work faithfully at suitable employment" and "provide proof of employment"; (5) failing to "comply with the sex offender registration procedures"; and (6) "[h]aving [unauthorized] contact

with a minor under the age of 17."[2]  Appellant pleaded "[n]ot true" to these allegations.

After a hearing on the State's motion, the trial court found true the State's allegations.  It further found appellant guilty, assessed his punishment at confinement for twelve years, and ordered him to pay $584 in court costs.

## Court Costs

In his sole issue, appellant argues that the evidence is insufficient to support the trial court's imposition of court costs in the amount of $584 because the bill of costs contained in the record reflects that the "total amount" of courts costs to be assessed against appellant is $499.

A convicted criminal defendant must pay certain court costs.  *See* TEX. CODE CRIM. PROC. ANN. arts. 42.15 (Vernon Supp. 2015) (applying when punishment is fine only), 42.16 (Vernon 2006) (applying when punishment imposed "is any other than a fine"); *see also Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014).  The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson*, 423 S.W.3d at 390 (internal quotations omitted).  When the imposition of court costs is challenged on appeal, we review the assessment of court costs to determine whether there is a basis for the cost, not to determine if

---

[2]     The State abandoned the other allegations contained in its motion to adjudicate.

there was sufficient evidence offered at trial to prove each cost. *Id.* In other words, we do not apply the traditional standard of review for sufficiency of the evidence. *Id.*; *Petty v. State*, 438 S.W.3d 784, 803 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

The trial court, in its judgment adjudicating appellant's guilt, assessed courts costs against him in the amount of $584. Although a bill of costs[3] is not required to sustain statutorily authorized and assessed court costs, it is the most expedient, and therefore, preferable method to do so. *See Johnson*, 423 S.W.3d at 395–96 (bill of cost sufficient basis); *Petty,* 438 S.W.3d at 803 ("[T]he bill of costs supports the assessment of the court costs in the judgments.").

Here, the bill of costs, which identifies each itemized court cost that accrued in appellant's case, is signed by the Harris County District Clerk, is certified, and lists $499 as the "Total Amount [of Court Costs] Assessed" and the "Total Amount [of Court Costs] Due." *See Johnson*, 423 S.W.3d at 392–93. Notably though, mathematically the "Total Amount" of court costs listed on the bill of costs is incorrect; there is a typographical error. In fact, simply adding together the dollar amounts of each individual cost included on the bill of costs reveals that the actual

---

[3] A bill of costs must: (1) contain the items of costs; (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost; and (3) be certified. *See Johnson v. State*, 423 S.W.3d 385, 392–93 (Tex. Crim. App. 2014); *see also* TEX. CODE CRIM. PROC. ANN. arts. 103.001 (Vernon Supp. 2015), 103.006 (Vernon 2006).

"Total Amount" of court costs to be assessed against appellant is $584—the same

amount of court costs that is assessed against him in the trial court's judgment.[4]

*See Hearne v. State*, 415 S.W.3d 365, 367 (Tex. App.—Houston [1st Dist.] 2013,

---

[4] The bill of costs lists the following costs to be assessed against appellant, which total $584:

- Sheriff's Fee (*see* TEX. CODE OF CRIM. PROC. ANN. art. 102.011 (Vernon Supp. 2015)) – $110;

- District Clerk's Fee (*see* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (Vernon 2006)) – $40;

- Security Fee (*see* TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (Vernon Supp. 2015)) – $5;

- Consolidated Court Cost (*see* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (Vernon Supp. 2015)) – $133;

- DNA Testing Fee (*see* TEX. CODE. CRIM. PROC. ANN. art. 102.020(a) (Vernon Supp. 2015)) – $250;

- Jury Reimbursement Fee (*see* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (Vernon Supp. 2015)) – $4;

- DC Records Preservation (*see* TEX. CODE CRIM. PROC. ANN. art. 102.005(f) (Vernon 2006)) – $25;

- Support of Indigent Defense (see TEX. LOC. GOV'T CODE ANN. § 133.107(a) (Vernon Supp. 2015)) – $2;

- Support of Judiciary Fee (*see* TEX. LOC. GOV'T CODE ANN. § 133.105(a) (Vernon 2008)) – $6;

- Court Technology Fee (*see* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (Vernon Supp. 2015)) – $4;

- Electronic Filing State (*see* TEX. GOV'T CODE ANN. § 51.851(d) (Vernon Supp. 2015)) – $5.

We note that appellant does not challenge the validity of any of these costs. *Cf. Petty v. State*, 438 S.W.3d 784, 803 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ("no challenge to any specific cost assessed"); *see also* TEX. CODE CRIM. PROC. ANN. art. 103.002 (Vernon 2006) ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law."); *Johnson*, 423 S.W.3d at 389 (only statutorily authorized court costs may be assessed against defendant).

pet. ref'd) (affirming trial court's assessment of court costs, where "sum of the[] costs" contained in bill of costs same as "amount the trial court assessed as costs" against defendant); *see also Ewells v. State*, No. 01-11-01014-CR, 2013 WL 6198318, at *4–7 (Tex. App.—Houston [1st Dist.] Nov. 26, 2013, pet. ref'd) (mem. op., not designated for publication) (overruling defendant's complaint of "insufficient evidence to support the imposition of $244 in court costs," where "the sum of the[] costs" was "amount the trial court's judgment ordered [defendant] to pay").

Because the bill of costs supports the assessment of the court costs in the trial court's judgment, we hold that there is no error in the assessment of $584 in court costs against appellant.

We overrule appellant's sole issue.

### Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).

6